Larry JOHNSON, Petitioner–Appellant,

v.

**Charles GREINER, Superintendent, Green Haven Correctional Facility, Respondent–Appellee.**

No. 01–2613.

United States Court of Appeals, Second Circuit.

Feb. 19, 2003.

Perry S. Reich, Schapiro & Reich, Lindenhurst, New York, for Appellant.

Zachary Weiss, Assistant Attorney General (Eliot Spitzer, Attorney General of the State of New York; Robin A. Forshaw, Assistant Solicitor General, on the brief), New York, New York, for Appellee.

PRESENT: JACOBS, PARKER, Circuit Judges, and KAPLAN,* District Judge.

*SUMMARY ORDER*

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL

---

* The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 19th day of February, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Following a jury trial in New York Supreme Court, New York County, Larry Johnson was convicted of assault in the first degree and criminal possession of a weapon in the third degree. The Appellate Division affirmed, and Johnson was denied leave to appeal to the Court of Appeals. Johnson then petitioned the district court, *pro se*, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging, *inter alia*, that the admission into evidence of facts underlying his prior assault crimes violated due process of law. The district court denied the petition in its entirety.

A panel of this Court granted a Certificate of Appealability ("COA") "on the limited issue of whether the admission of evidence concerning prior convictions and the facts underlying those convictions, for purposes of proving appellant's intent in the charged offense, denied him of due process." The COA also may be fairly read to ask whether due process was violated if the evidence presented at Johnson's trial was in fact not offered to show intent, but simply to show his propensity to commit violent assaults.

In any event, Johnson's petition was properly denied. The Antiterrorism and Effective Death Penalty Act ("AEPDA") requires that, where a petitioner's claim was adjudicated on the merits in state court, habeas relief will not be granted unless the state court decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that the Supreme Court has reached on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J., concurring). A state court decision involves an "unreasonable application" of a clearly established Supreme Court precedent if it "identifies the correct governing principle from [the Supreme Court's] decisions but unreasonably applies the principle to the facts of [a] prisoner's case." *Id.* This case involves only the "unreasonable application" test.

Even if evidence of the prior assaults was admitted for the sole purpose of proving Johnson's propensity to engage in similar misconduct again, Johnson points to no established Supreme Court precedent on whether, and in what circumstances (if any), evidence of propensity may violate due process. In *Estelle v. McGuire*, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), the Supreme Court specifically expressed "no opinion on whether a state law would violate the Due Process Clause if it

permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime." *Id.* at 75 n. 5, 112 S.Ct. 475. In the absence of a governing principle derived from clearly established Supreme Court precedent, we cannot say that the state court's resolution of this issue was "unreasonable."

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.